**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEREMY RAMIREZ, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) 16-cv-2772 |
| vs. | ) ) ) |
| AP ACCOUNT SERVICES, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1.  Plaintiff Jeremy Ramirez brings this action to secure redress from unlawful credit and collection practices engaged in by defendant AP Account Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

    (1) Defendant's collection communications were received by plaintiff within this District;

    (2) Defendant does or transacts business within this District.

### PARTIES

4.  Plaintiff Jeremy Ramirez is an individual who resides in this district..

5.  Defendant AP Account Services, LLC, is a Texas limited liability company. Its registered agent and office is Gary L. Dudley, 9311 San Pedro, Suite 600, San Antonio, Texas 78216.

6.  AP Account Services, LLC, operates a collection agency and uses the mails and

telephone in conducting business.

7. AP Account Services, LLC, is a debt collector as defined in the FDCPA.

## FACTS RELATING TO THE PLAINTIFF

8. Defendant has been attempting to collect from plaintiff an alleged debt consisting of a balance owed on a checking account. The account was for personal, family or household purposes and not for business purposes.

9. On or about January 7, 2016, AP Account Services, LLC, sent plaintiff the letter attached as Exhibit A.

10. The statute of limitations applicable to the debt was five years pursuant to 735 ILCS 5/13-205. On information and belief, the account agreement provided that it may be amended by notice followed by continued use. This is standard industry practice for checking accounts, and the original creditor's current member handbook is consistent. Exhibit B.

11. On January 7, 2016, more than five years had elapsed since the last payment or activity on the account which is the subject of Exhibit A.

12. Exhibit A offers to settle the debt.

## FACTS - GENERAL

13. AP Account Services LLC, regularly seeks to collect consumer debts.

14. AP Account Services LLC, regularly attempt to collect debts on which the statute of limitations has expired.

15. AP Account Services LLC, regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

## COUNT I – FDCPA

16. Plaintiff incorporates paragraphs 1-15.

17. Exhibit A implies that the alleged debt is legally enforceable by offering a settlement.

18. Nothing in Exhibit A disclosed that the debt was barred by the statute of

2

limitations or not legally enforceable.

19. It is the policy and practice of AP Account Services LLC to send and cause the sending of letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

20. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

21. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

22. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

23. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose

material information may be misleading.

24. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

25. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

26. Courts have also held that the offer of a settlement on a time-barred debt is misleading. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015) (*pet. for rehearing en banc denied on March 13, 2015)*; *McMahon v. LVNV, LLC*, 744 F.3d 1010 (7th Cir. 2014).

27. AP Account Services LLC, engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters , such as <u>Exhibit A</u>, offering to settle time-barred debts without disclosure of that fact.

28. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**

4

>>(A)   the character, amount, or legal status of any debt; . . .
>
>>(5)   **The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
>>(10)   **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29.   Section 1692f provides:

>**§ 1692f.   Unfair practices [Section 808 of P.L.]**
>
>**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

30.   Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31.   The class consists of (a) all individuals with Illinois addresses (b) to whom AP Account Services LLC, (c) sent a letter offering a settlement of a debt (d) consisting of a balance allegedly owed on a checking account where terms are subject to change on notice (e) on which the last payment or activity by the consumer had occurred more than five years prior to the letter, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32.   On information and belief, the class is so numerous that joinder of all members is not practicable.

33.   There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

34.   Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.   Plaintiff will fairly and adequately represent the class members. Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

36.   A class action is superior for the fair and efficient adjudication of this matter, in that:

    (1)   Individual actions are not economically feasible;

    (2)   Members of the class are likely to be unaware of their rights;

    (3)   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (a)   Statutory damages;

    (b)   Actual damages, including all amounts paid on time-barred debts;

    (c)   Attorney's fees, litigation expenses and costs of suit;

    (d)   Such other and further relief as the Court deems proper.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)