# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEREMY RAMIREZ, *on behalf of himself and all others similarly situated* ) ) ) | |
| Plaintiff, ) | Case No. 16-cv-2772 |
| ) | Judge Robert M. Dow, Jr. |
| v. ) ) | |
| AP ACCOUNT SERVICES, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Ramirez filed a putative class action lawsuit against Defendant AP Account Services, LLC on March 2, 2016, alleging violation of the Fair Debt Collection Practices Act. Before the Court are Defendant's motion to dismiss the Second Amended Complaint [35] and Plaintiff's motion for class certification [4]. For the reasons set forth below, the Court denies Defendant's motion to dismiss [35]. Defendant's motion to dismiss the superseded original complaint [20] is stricken as moot. This case is set for further status hearing on January 24, 2017 at 9:00 a.m.

### I.    Background

On June 30, 2016, Plaintiff filed his Second Amended Complaint ("SAC") [34], which is the operative complaint before the Court. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by attempting to collect a debt that was barred by a five-year statute of limitations pursuant to 735 ILCS 5/13-205. According to Plaintiff, the debt is a balance owed on a checking account. Plaintiff contends that Defendant sent him a letter on January 7, 2016 attempting to collect the debt, despite the fact that more than five years had elapsed since the last payment or activity on the account. [34, at ¶ 8, 9, 11,

Exhibit A.] The January 7, 2016 letter had the heading "In Re: Settlement Offer, Technology Credit Union," and states Plaintiff's account number. [*Id.* at Exhibit A.] The letter states:

> [Defendant] would like to offer [Plaintiff] the opportunity to settle this account on a voluntary basis, at this time there has been no attempt to resolve this debt. Please call us * * * to discuss your settlement options further. Payment arrangements are available to you as well. Once the payment is complete, [Defendant] will report this as settled for less than the balance owed to the original creditor.

Plaintiff alleges that the January 7, 2016 letter implies that the debt is legally enforceable by offering settlement and that nothing in the letter disclosed that the debt was barred by the statute of limitations and not legally enforceable. [*Id.* at ¶¶ 18–19.] According to Plaintiff, he was "damaged in that he was confused and disturbed by the possibility that he could be sued in relation to the debt." [*Id.* at ¶ 13.] Attached to the SAC is Technology Credit Union's Member Handbook ("the Member Handbook"). [34, Exhibit B.] The Member Handbook explains that it is "a disclosure and master agreement of the terms of all [Technology Credit Union] Accounts." [*Id.*, at 1.]

Plaintiff also filed a motion for class certification, arguing that it is Defendant's policy and practice to send letters seeking to collect time-barred debts that do not disclose that the debt is time-barred and that this creates a common factual link and gives rise to the common legal question of whether Defendant's letters violate the FDCPA. [4, at 6.] On July 14, 2016, Defendant filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). [35.]

## II. Motion to Dismiss

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (alteration in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

      **B.**      **Analysis**

Defendant argues that Plaintiff's SAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Defendant, Plaintiff applied the incorrect statute of limitations and under the correct statute of limitations the debt in question was not time-barred. Plaintiff submits that the five-year statute of limitations set forth in 735 ILCS 5/13-205 applies. This statute provides that

3

actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

735 ILCS 5/13-205. In contrast, Defendant contends that 735 ILCS 5/13-206, which applies to written obligations and provides for a ten-year statute of limitations, should apply to the debt at issue. 735 ILCS 5/13-206 states, in relevant part:

> [A]ctions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay.

735 ILCS 5/13-206.

To support this argument, Defendant contends that the Member Handbook attached to the complaint evidences the indebtedness of Plaintiff in writing and thus the ten-year statute of limitations should apply. The Member Handbook states that "all members must meet their obligations to the Credit Union in a timely manner. * * * You will not allow Credit Union share accounts you hold to fall below a zero balance. If you do inadvertently overdraw your account, and you do not have a pre-arranged and available source of overdraft protection, you agree to immediately restore any negative balance upon our written demand." [*Id.* at 3–4.] According to Defendant, Plaintiff agreed to the terms of the Member Handbook by becoming a member of Technology Credit Union, and the terms of the Handbook "make clear in writing that Plaintiff was required to promptly make good on any negative balance in his checking account." [36, at 4.]

4

In considering the applicability of the five-year statute of limitations in Section 13-205 or the ten-year statute of limitations in Section 13-206, Illinois courts "follow a strict interpretation of the meaning of a written agreement." *Portfolio Acquisitions, LLC v. Feltman*, 909 N.E.2d 876, 880 (Ill. App. Ct. 2009); see also *Held v. Held*, 137 F.3d 998, 1001 (7th Cir. 1998). "A contract will only be deemed written if parties are identified and all the essential terms are in writing and ascertainable from the instrument itself." *Id.* If parol evidence is necessary to identify the parties or essential terms, "the contract is considered an oral contract for purposes of the statute of limitations." *Portfolio Acquisitions*, 909 N.E.2d at 880 (citing *Brown v. Goodman*, 498 N.E.2d 854 (Ill. App. Ct. 1986)); see also *Kranzler v. Saltzman*, 942 N.E.2d 722, 725 (Ill. App. Ct. 2011) ("Where the writings attached to the complaint do not contain the essential terms of the contract, even if the essential terms may be easily ascertained elsewhere, the contract is not written but oral."). The essential terms of a promise to pay are: "(1) the parties to the agreement, (2) the nature of the transaction, (3) the amount in question, and (4) at least a reasonable implication of an intention to repay the debt." *Kranzler*, 942 N.E.2d at 726.

Here, Defendant argues that "[g]iven the explicit requirements of the Handbook, parol evidence would not be necessary to prove up any of the essential terms" of the agreement. [36, at 7.] Defendant contends that it is clear that the parties to the agreement are Credit Union and its members, which include Plaintiff. Defendant further argues that the nature of the transaction is the creation of a negative balance on Plaintiff's account, as set forth in the Handbook. Defendant argues that the amount in question is "any amount of negative balance" and that although additional written documentation may be necessary to prove the exact amount now owing, that does not undermine the applicability of Section 13-206. Finally, Defendant alleges

5

that a reasonable implication of an intention to repay the debt is clear because Plaintiff agreed to the prompt payment obligation set out in the Handbook.

This argument fails because the Member Handbook does not set forth the essential terms of the agreement between Plaintiff and Technology Credit Union. The Member Handbook does not identify the parties to the agreement, as it does not name Plaintiff but only generally describes the members of the credit union. Thus, parol evidence would be required to establish that Plaintiff was a member of the Technology Credit Union and thus subject to the terms of the Handbook. Further, the nature of the transaction is not entirely clear from the Member Handbook. The Handbook attached to the complaint is not the version that was in place at the time Plaintiff opened his checking account, and the Handbook states that "we can modify our agreements with you by giving notice required by law," [34, Exhibit B, at 2], so parol evidence would be necessary to ascertain the terms to which Plaintiff consented. Additionally, the amount of debt in question is not stated in the Handbook. Thus, since the essential terms are not set forth in the Member Handbook, Plaintiff has stated a plausible claim that the contract is an oral contract to which the five-year statute of limitations in Section 13-205 applies.

Although the debt at issue in the case at hand is a balance owed on a checking account, cases involving credit card debt are instructive by analogy. Illinois courts have held that credit card contracts are oral contracts subject to the five-year statute of limitations in Section 13-205, not the ten-year statute of limitations in Section 13-206. *Portfolio Acquisitions*, 909 N.E.2d at 883. In *Portfolio Acquisitions*, the court explained that the credit card application form and terms and conditions attached to the complaint did not show that there was a written contract because "parol evidence would still be required to show all essential terms and conditions of the contract. Parol evidence would also be required to show the relationship between the parties and

demonstrate defendant's receipt and acceptance of the essential terms." *Id.* at 884; see also *Toth v. Mansell*, 566 N.E.2d 730, 733 (Ill. App. Ct. 1990) (holding that invoices, monthly statements, and ledgers did not constitute other written evidence of indebtedness because they could not establish the essential elements of a promise to pay).

Defendant argues that cases applying the FDCPA to credit card debt are inapplicable because the case at hand does not involve credit card debt and instead involves a balance owed on a checking account. Defendant further contends that the holdings of cases involving credit card debt rely on "the unique nature of credit card agreements." Defendant relies on *Portfolio Acquisitions*, in which the court discussed how the "bank credit card system involves a tripartite relationship between the issuer bank, the cardholder, and merchants participating in the system." 909 N.E.2d at 881 (citation and internal quotation marks omitted). The Court is not convinced by Defendant's attempt to distinguish these cases. Just as a credit card agreement stating the terms and conditions does not identify the essential terms of the agreement between the credit card holder and the bank without parol evidence, the Member Handbook in this case does not identify the essential terms of the agreement between Plaintiff and Technology Credit Union.[1] Thus, applying a strict interpretation of the meaning of a written agreement for statute of limitations purposes, as Illinois courts have instructed, see *Portfolio Acquisitions*, 909 N.E.2d at 880, Defendant has not demonstrated that there is a written contract or other written evidence of indebtedness sufficient to invoke section 13-206. Defendant's motion to dismiss is denied.

---

[1] The Court notes that although the factual details in the complaint are not robust, the manner in which Plaintiff incurred this debt seems similar to the manner in which a credit card holder incurs credit card debt. Namely, Plaintiff had a negative balance on his checking account, which implies that he withdrew more than he had in his account with an obligation to repay this amount (that is, an obligation to restore the negative balance). This is akin to a credit card holder making a purchase with the credit card and then paying off the credit card debt.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss [35]. Defendant's motion to dismiss the superseded original complaint [20] is stricken as moot. This case is set for further status hearing on January 24, 2017 at 9:00 a.m.

Date: January 3, 2017

_____
Robert M. Dow, Jr.
United States District Judge